UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAVOSKI DAVIS, § § Plaintiff, § § v. § CIVIL ACTION NO. 3:22-CV-2584-B § RENE RASCON and KA LOGISTICS, § INC., § § Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Travoski Davis's Motion for Leave to File First Amended Pleading (Doc. 18). Because Davis has shown good cause for leave to amend, the Motion is **GRANTED**.

### I.

### BACKGROUND

This case involves a traffic accident between Davis and Defendant Rene Rascon. Rascon was a truck driver employed by Defendant KA Logistics, Inc. Doc. 1-3, Orig. Pet., 3. Rascon was driving an eighteen-wheeler truck in Dallas, Texas, when he attempted to change lanes and collided with Davis's vehicle. *Id.* at 2–3. Davis was injured in the accident and subsequently brought this lawsuit to recover damages. *Id.* at 3.

During discovery, Davis learned Rascon had been on a hands-free call at the time of the accident. Doc. 18, Mot., 2. As the deadline to amend had passed, Davis then moved for leave to

amend to file a first amended pleading to add a gross negligence claim based on these newly discovered facts. *See id.* The Court considers the Motion below.

## II.

## LEGAL STANDARD

"When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the [Federal Rule of Civil Procedure] 16(b)(4) good cause standard." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.) (footnote omitted). The Rule 16(b)(4) "good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether good cause has been shown, courts consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman,* 607 F.3d 161, 167 (5th Cir. 2010).

"If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that 'the court should freely give leave when justice so requires.'" *Valcho*, 658 F. Supp. 2d at 814 (alteration omitted) (citing Fed. R. Civ. P. 15(a)(2)). Since Rule 15(a)(2) provides that leave to amend should be granted "freely" as "justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] motion to amend ordinarily should be granted absent some justification for refusal." *Whitley v. Hanna,* 726 F.3d 631, 648 (5th Cir. 2013).

III.

ANALYSIS

Applying the Rule 16(b)(4) good cause standard, the Court finds good cause for leave to amend. First, Davis has provided an adequate explanation for his failure to timely move to amend. Davis did not discover Rascon was on his phone at the time of the collision until March 13, 2023, which was after March 9, 2023, the deadline to amend the pleadings. *See* Doc. 20, Resp., ¶ 3; Doc. 8, Scheduling Order, 1. Davis later confirmed this when taking Rascon's deposition testimony on April 28, 2023. Doc. 20, Resp., ¶ 4. Davis then moved for leave to amend on May 26, 2023. *See* Doc. 18, Mot. Contrary to Defendants' assertions, the Court does not find this two-month delay unreasonable. *See* Doc. 20, Resp., ¶ 12. The Court does not fault Davis for waiting until after Rascon's deposition to file his Motion, given the deposition would have provided Davis a fuller factual account of the accident.

Further, Davis argues this amendment is important "because it [would] allow[] [him] to bring the claims that the evidence supports." Doc. 18, Mot., 3. The Court agrees. Courts deem "amendments to be important where they potentially provide additional grounds for a party to recover." *Sievert v. Howmedica Osteonics Corp.*, 2020 WL 2507678, at *2 (N.D. Tex. May 15, 2020) (Scholer, J.) (internal quotations and alterations omitted). Because this amendment would allow Davis to bring an additional claim, the Court finds it important.

And while Defendants may suffer some prejudice due to this amendment, the Court finds this prejudice can be cured with an extension of the expert designation and dispositive motion deadlines. *See Bennett v. Tarrant Cnty. Coll. Dist.*, 2023 WL 3136412, at *1 (N.D. Tex. Apr. 27, 2023) (Boyle, J.) (finding an extension of deadlines would cure any prejudice caused by the amendment). Thus, the Court extends Davis's expert designation deadline to September 11, 2023,

and Defendants' expert designation deadline to October 11, 2023. Finally, the dispositive motions deadline is extended to October 15, 2023. If the parties require any further continuances, they must bring a motion before the Court.

Finally, Defendants argue leave to amend should nonetheless be denied because the amendment would be futile. Doc. 20, Resp., ¶¶ 22–27. The Court disagrees. While Defendants are correct that Davis has not pointed to any cases finding gross negligence where the driver was on a hands-free call, Defendants have not pointed to any cases suggesting such a finding is foreclosed by precedent. *See id.* ¶ 24. The Court further concludes that Defendants' additional arguments as to why the gross negligence claim is insufficient are better suited for a motion to dismiss or motion for summary judgment. *See Bennett*, 2023 WL 3136412, at *2. For this reason, the Court cannot conclude Davis's gross negligence claim is futile. Accordingly, the Court **GRANTS** Davis leave to file his first amended complaint.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Davis's Motion for Leave to File First Amended Pleading (Doc. 18). The Clerk is directed to enter Document 18-1 as of the date of this order. Further, the Court extends Davis's expert designation deadline to September 11, 2023, and Defendants' expert designation deadline to October 11, 2023. Finally, the dispositive motions deadline is extended to October 15, 2023.

-5-

SO ORDERED.

SIGNED: August 11, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE